CHAMPE S. ANDREWS, Respondent, *v.* ASA BIRD GARDINER, Appellant.

Second Department, December 13, 1918.

**Military Law — member of Veteran Corps of Artillery not entitled to immunity from arrest on civil process — Code of Civil Procedure, section 572, applies only where order of arrest has been issued.**

Under the present statute a member of the Veteran Corps of Artillery S. N. Y., is not entitled to immunity from arrest on civil process while engaged in the performance of his duties as colonel of said organization.

Section 572 of the Code of Civil Procedure relates only to cases where an order of arrest has been issued.

APPEAL by the defendant, Asa Bird Gardiner, from an order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Rockland on the 25th day of August, 1917, denying a motion to vacate an execution against the person and to discharge the defendant

from arrest on body execution and to vacate the bail furnished thereunder.

*Asa Bird Gardiner* [*George Edwin Joseph* with him on the brief], for the appellant.

*Louis Sturcke,* for the respondent.

BLACKMAR, J.:

The defendant, on June 15, 1917, as he was about leaving the town of Ramapo for New York city on business connected with his duties as colonel of the Veteran Corps of Artillery, S. N. Y., was arrested on an execution against the person, issued upon a judgment obtained against him in an action for libel. He moved to vacate the execution and for his discharge on the ground that he was exempt from arrest while in the performance of his duties as colonel of the Veteran Corps of Artillery. The motion was denied at Special Term and he has appealed to this court.

The Veteran Corps of Artillery was organized in 1791 with a membership of veterans of the Revolutionary War; it received new life and accession of membership after the war of 1812; and, receiving authority to enlarge its membership, it has continued its existence to the present time as an organized and uniformed unit of the militia of the State of New York. The defendant was duly commissioned colonel-commandant on June 4, 1913, with rank from January 8, 1909. On July 16, 1917, the Governor of the State, as commander-in-chief of the militia, through a communication from the Adjutant-General, approved the recruitment and enlistment of qualified rank, and file in the Veteran Corps of Artillery, S. N. Y., in the military service of the State of New York between March 13, 1917, and April 11, 1917, to constitute an artillery battalion for anti-aircraft gun service, and also approved the for ation since April 11, 1917, of such additional batteries for said corps as might be required for its efficiency for anti-aircraft gun service to resist hostile invasion. He also authorized the enlistment and muster in for the war into said corps of accepted volunteers from the reserve militia, and directed that muster rolls be prepared and filed, and that reports of the progress of such military service in enlistment, drill, discipline and

efficiency be made from time to time to the office of the Adjutant-General. It appeared that the defendant was engaged in the performance of the duties so cast upon him when arrested on civil process.

In the Laws of 1883 (Chap. 299, § 143) it is enacted that " No person belonging to the military forces shall be arrested on any civil process while going to, remaining at, or returning from any place at which he may be required to attend for military duty." That law was repealed by chapter 559 of the Laws of 1893;* but the provision above quoted was re-enacted in the same words in section 148 of said law, except that the words " of this State " were added after the words " military forces." The provisions of the law of 1883 are to be considered as continuing notwithstanding the repeal and re-enactment. (Gen. Const. Law, § 95.)† By the provisions of section 5 of chapter 91 of the Laws of 1895 the exemption from arrest on civil process is by necessary implication declared applicable to the Veteran Corps of Artillery, S. N. Y. The law, therefore, as it stood in 1895, exempted from arrest on any civil process any person belonging to the Veteran Corps of Artillery while going to, remaining at or returning from any place at which he might be required to attend for military duty. We think that, considering the character of the duty imposed on the defendant by his commander-in-chief, the Governor, to wit, the formation of additional batteries for the corps and the enlistment and mustering into said corps of accepted volunteers, he was engaged in the kind of military duty defined in the statute. The statute should be construed to accomplish the purpose for which it was enacted, namely, to prevent interference with military duties. The duties imposed on this defendant by the order of the Governor required his attendance and effort at any place of his own choice, and custody under civil process would manifestly interfere with the duties in which he was engaged. (*People* v. *Campbell*, 40 N. Y. 133.)

The inquiry, then, is resolved into the question whether

---

* Gen. Laws, chap. 16 (17).— [REP.

† See Stat. Const. Law (Gen. Laws, chap. 1; Laws of 1892, chap. 677), § 32, as amd. by Laws of 1894, chap. 448; now Gen. Const. Law (Consol. Laws, chap. 22; Laws of 1909, chap. 27), § 95.— [REP.

the exemption recognized by chapter 91 of the Laws of 1895 has been taken away by subsequent enactment. The codification of the Military Code in chapter 212 of the Laws of 1898 (Gen. Laws, chap. 16) changed the wording of section 171 granting exemption from arrest on civil process by substituting the words " active militia of the state " for the words " military forces of this State," and enacted that " the active militia shall consist of the organized and uniformed military forces known as the National Guard, and of the organized and uniformed naval forces known as the Naval Militia." (§ 5 of the act.) By this law also chapter 559 of the Laws of 1893 was repealed.

By a familiar method of statutory construction, the original law, chapter 299 of the Laws of 1883, was continued into chapter 212 of the Laws of 1898, amended by substituting the term " active militia " for the words " military forces " and defining active militia as consisting of the National Guard and the Naval Militia. This change of wording cannot be considered as meaningless. It was obviously the legislative intent to thereafter confine the exemption to persons belonging to the National Guard or Naval Militia. The act of 1895, still unrepealed, does not confer immunity from arrest on civil process upon the members of the Veteran Corps of Artillery. It simply recognizes that corps as coming within the meaning of the term " military forces " as used in the act of 1883, which conferred the immunity. The subsequent amendment of that act by re-enacting it in a changed form has declared another legislative intent which supersedes the former and deprives the Veteran Corps of such immunity. The provisions of chapter 212 of the Laws of 1898, which we have considered, have been carried unchanged into and can now be found in sections 5 and 235 of the Military Law.* It devolved upon the defendant to show that the Veteran Corps was a part of the National Guard, and in this he has failed. Section 30 of the Military Law,† prescribing the composition

* See Gen. Laws, chap. 16 (Laws of 1908, chap. 231), §§ 5, 235; Consol. Laws, chap. 36 (Laws of 1909, chap. 41), § 5, as amd. by Laws of 1916, chap. 568, and Laws of 1917, chap. 151; Id. § 235.— [REP.

† Amd. by Laws of 1909, chap. 370; Laws of 1916, chap. 564, and Laws of 1917, chap. 644.— [REP.

and strength of the National Guard, does not include therein the Veteran Corps of Artillery, and the certificate of the Adjutant-General, annexed to the papers, is to the effect that the Veteran Corps of Artillery is not a recognized unit of the National Guard of the State. It appears, therefore, that immunity from arrest on civil process has not been conferred on persons belonging to the said Veteran Corps by any law of the State.

Undoubtedly any act of Congress passed pursuant to the provisions of subdivisions 15 and 16 of section 8 of article 1 of the United States Constitution would supersede any inconsistent State law on this subject; but in the acts of Congress to which we are referred we do not find anything which does more than declare that organizations like that in question shall be entitled to retain their ancient privileges. Such is the wording of section 63 of the National Defense Act of June 3, 1916. (39 U. S. Stat. at Large, 198, § 63.) We are not advised that the ancient privileges of the Veteran Corps of Artillery include immunity from arrest. For a time such immunity existed under the laws of the State of New York, as we have attempted to show; but the Legislature of the State of New York, which gave it, has taken it away.

The question of the invalidity of the body execution because the execution against the property was not issued to the sheriff of the county of New York, does not seem to have been considered at Special Term. The moving papers contain no allegations sufficient to present such a point; and although the answering affidavit supplies in this respect certain deficiencies in the moving papers, yet the question of fact which is the basis of the claim, to wit, the residence of the defendant, was not presented to nor determined by the justice at Special Term, and the facts are not so fully disclosed as to justify a decision by this court.

Section 572 of the Code of Civil Procedure, which is invoked by the defendant, relates only to cases where an order of arrest has been issued, and provides a supersedeas where there is delay in entering judgment or charging defendant on a body execution. It has no application to a case where the provisional remedy of an order of arrest has not been

issued. (*Sweet* v. *Norris*, 12 Civ. Proc. Rep. 175; affd., 45 Hun, 595; 110 N. Y. 668; *Redner* v. *Jewett*, 72 Hun, 598; *People ex rel. Harris* v. *Gill*, 85 App. Div. 192; affd., 176 N. Y. 606.)

The order should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., MILLS, KELLY and JAYCOX, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.