## J. J. Newman Lumber Co. *v.* Boggs.*

(Division B.    Feb. 28, 1927.)

[111 So. 562.    No. 26229.]

1. TRIAL. *Refusal of instruction, presenting employer's contention on conflicting evidence, as to whether way to work was safe was error.*

   In a suit for personal injury, based on failure to provide a safe way to go to and from work, where the evidence is conflicting as to whether the way, on which the injury was inflicted, was provided for that purpose or not, it was error to refuse an instruction presenting the defendant's contention with reference thereto.

2. TRIAL. *On conflicting evidence as to whether passageway was provided by employer, refusal of instruction, assuming negligence of employee in using it, was not error.*

   Where the evidence is conflicting as to whether said way was provided by the company, and the testimony of the plaintiff tended to show that the way was used as such by the employees of the company when it suited their convenience, or that it was frequently so used, it is not error to refuse an instruction which assumes that the plaintiff was guilty of negligence.

---

*Corpus Juris-Cyc References: Master and Servant, 39CJ, p. 1221, n. 72; p. 1222, n. 87; Trial, 38Cyc, p. 1578, n. 40; p. 1626, n. 69; p. 1627, n. 82; p. 1657, n. 53.

APPEAL from circuit court of Lamar county.

Hon. J. Q. LANGSTON, Judge.

Action by I. T. Boggs against the J. J. Newman Lumber Company for personal injuries. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*H. Cassedy Holden* and *Mounger & Mounger,* for appellant.

According to the plaintiff's testimony, he was injured by reason of the negligence of the defendant in leaving an unguarded and unlighted hole in the floor of a passage-way which was a regular and customary way used by employees in going to their work.

According to the evidence of the defendant, the plaintiff was injured by reason of his own negligence in using a passageway that was not customarily traveled by employees going to and from their work, and by reason of his own negligence in turning aside from a regular way or dock which would have carried him in safety to his place of work, and by his negligence in failing to look ahead and take precautions to avoid injury to himself.

We submit that the evidence is overwhelming that the plaintiff was provided with several different ways for use in reaching his work, all of which were safe, and that he deliberately chose a route that was unsafe, or at least was not a customary route and not intended for use in going to his work. We also submit that the evidence is overwhelming that the plaintiff was injured so slightly, if at all, that he was not entitled to more than nominal damages.

I. *The refusal of a peremptory instruction was erroneous.* 39 C. J. at 349-350; *C. & R. Lbr. Co.* v. *Crane,* 135 Miss. 303, 99 So. 753; *Buckeye Cotton Oil Co.* v. *Saffold,* 125 Miss. 407, 87 So. 893; *Ovett Land and Lbr. Co.* v. *Adams,* 109 Miss. 740, 69 So. 499.; *Sauer* v. *Union Oil Co.* (1891), 43 La. Ann. 699, 9 So. 566; *Headford* v. *McClary Mfg. Co.* (1893), 23 Ont. Rep. 335, (1894), 21 Ont. App. Rep. 164, (1894) 24 Can. S. C. 291; *Fritz* v. *Salt Lake & O. Gas. & E. L. Co.* (1899), 18 Utah, 493, 56 Pac. 90; *The Tammerland* (1891), 47 Fed. 822; *Carbury* v. *Eastern Nut & Bolt Co.* (1905), 27 R. I. 116, 60 Atl. 773; *B. F. Avery & Sons* v. *Lung* (1908), 32 Ky. L. Rep.

702, 106 S. W. 865; *Connors* v. *Merchants Mfg. Co.*
(1904), 184 Mass. 466, 69 N. E. 218; *Linseed Co.* v. *Heins*
(1905), 72 C. C. A. 533, 141 Fed. 45; *Antee* v. *D. C. Rich-
ardson Taylor Lbr. Co.* (1909), 123 La. 117, 48 So. 7651;
*H. D. Williams Cooperage Co.* v. *Headrick* (1908), 86 C.
C. A. 548, 159 Fed. 680; *Gleason* v. *Suskin* (1909), 110
Md. 137, 72 Atl. 1034; *Perkins* v. *Oxford Paper Co.*
(1908), 104 Me. 109, 71 Atl. 476; *McKean* v. *Colo. Fuel &
Iron Co.* (1903), 18 Colo. App. 285, 71 Pac. 425; 18 R.
C. L. at 584; 39 C. J. at 848; *Birrell* v. *Great Northern*
*R. R. Co.*, 61 Wash. 336, 112 Pac. 362, Ann. Cas. 1912b
1239; *Denver, etc., R. R. Co.* v. *Komfala*, 69 Colo. 318, 194
— 615; *Chisholm* v. *Manhattan Ry. Co.*, 116 App. Div.
320, 101 N. Y. S. 622; *Papandrianos* v. *N. Y. Cent., etc.
R. R. Co.*, 244 Mass. 216, 138 N. E. 547; *Kennedy* v. *Mer-
rimack Pav. Co.*, 185 Mass. 442, 70 N. E. 437; *Louis-
ville, etc., R. R. Co.* v. *Wright*, 170 Ky. 230, 185 S. W.
861; *Douglas* v. *So. Pac. Co.*, 151 Cal. 242, 90 Pac. 538.

This case is on a perfect parity with that of *Hinton
Bros. Lbr. Co.* v. *Polk*, 117 Miss. 300, 78 So. 179, where
the court held that a peremptory instruction should have
been given the defendant because the evidence showed
that the negligence of the plaintiff was the sole cause of
the injury. See, also, *Ekler* v. *Nix*, 114 Miss. 293, 75 So.
120; and *McKinnon* v. *Braddock* (Miss.), 104 So. 154.

II.  *The refusal of instruction number two requested
by the defendant was erroneous.*  39 C. J. 349-350, citing
numerous cases. The refusal of this instruction is mani-
fest error under the express ruling of this court in
*McKinnon* v. *Braddock*, 104 So. 155.

III.  *The refusal of instruction number three re-
quested by the defendant was erroneous.*  It is improper
and reversible error to refuse instruction on contribu-
tory negligence where the evidence justifies it.  *Look-
out Fuel Co.* v. *Phillips* (Ala), 66 So. 946.  The facts
in this case are analogous to the facts in the case of

*Davis* v. *McCullers,* 126 Miss. 521, 89 So. 158, where this court held that the jury should have been instructed that the plaintiffs, suing for damages for personal injuries, were guilty of contributory negligence as a matter of law. See, also, *R. R. Co.* v. *Adkinson,* 117 Miss. 118, 77 So. 954; *R. R. Co.* v. *Williams,* 114 Miss. 236, 74 So. 835.

*Rawls & Hathorn,* for appellee.

Appellant was not entitled to a peremptory instruction. We cannot conceive how a clearer case of liability could be established. Appellant's authorities cited in support of their argument for a peremptory instruction are not applicable to the facts in this case as an examination of them will convince the court and, therefore, they are not considered.

Instruction number two was properly refused; but if we are in error in this, no harm was done appellant for the reason that there were other instructions which correctly announced the law. The instruction was improper for the reason that it leaves out the question as to whether appellee knew or ought to have known by the exercise of reasonable care that it was not a way prepared for him to travel on.

Appellant's other complaint is on the refusal by the trial court of two instructions. These instruction were properly refused for two all-sufficient reasons. First, they ask the court to instruct the jury as a matter of law that appellee was guilty of contributory negligence; and, second, contributory negligence was not plead, and, therefore, could not be availed of.

Under our statute, contributory negligence is a question for the jury. See section 503, Hemingway's Code. There is no similarity whatever in *Davis* v. *McCullers,* 89 So. 158, and the case at bar. Under the common law contributory negligence is an affirmative defense and must be plead and the burden is on the pleader to es-

tablish it. See 18 R. C. L., page 637, paragraph 133; *M. & O. R. R. Co.* v. *Campbell,* 114 Miss. 828-29; *Seaboard Air Line R. R. Co.* v. *Moore,* 228 U. S. 433, 33 Sup. Ct. 580, 57 L. Ed. 907; *G. & S. I. R. R. Co.* v. *Saucier,* 104 So. 180.

Conceding again, for the sake of argument only, that appellant was entitled to have submitted to the jury the question of whether or not appellee was guilty of contributory negligence, it was incumbent upon appellant to request the court for such instruction and failing so to have done, they cannot complain. See *Lindsey Wagon Co.* v. *Nix,* 108 Miss. 814.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was plaintiff in the court below, and the appellant defendant there. The plaintiff brought suit against the defendant for a personal injury, caused by his falling through an unguarded opening on one of the floors of the defendant's mill where he worked as an employee. It appears that on the morning of the injury there had been an unusual rainfall, and by reason thereof the stream which fed the pond of defendant's mill had overflowed and caused certain passageways in the mill to be covered with water. The plaintiff was on the way to his work at the mill and found the regular passageway obstructed by the overflow water, whereupon he turned and went through a passage which was not used for a passageway often by the employees, but seemed to have been designed for other purposes, although the plaintiff's proof tended to show that it was used by employees in going to and from their work occasionally. On the occasion of the injury, it was early in the morning, around or near daylight, and most of the passageways of the mill were lighted, but there was no light over the particular passageway through which the plaintiff started to his work after finding the regular passageway obstructed, and this passageway was rather

dark.   There was an opening in the planked covering of the way used by the company for its employees to go under the floorway for necessary purposes, and this opening was not protected by guardrails.   Near this opening was a barrel, used by the company for some purpose— presumably water—and plaintiff in walking around the barrel stepped into the hole in the floorway and was injured.   Two other employees, passing the same way, shortly afterwards, discovered the plaintiff and assisted him in getting to a place so that he could return to his home.

The plaintiff's testimony showed that he had used this passageway on former occasions, although it was not regularly used by the men in going to and from their work; that when he discovered that he could not go through his regular passageway without wading through the stream, he turned into this passageway, which he claimed was the only passageway known to him other than the one he usually traveled, which was obstructed.

The defendant's testimony tended to show that this planked walkway was not intended to be used by men in going to and from their work, and was not constructed for that purpose; that it was constructed for an entirely different purpose; that it was used by the men in stacking lumber and in removing lumber that had been stacked; and, also, that there were several other available passageways, lighted and safe to go over, which could have been traveled by the plaintiff with perfect safety.

The proof for both the plaintiff and the defendant showed that the passageway, in which the plaintiff was injured, was obstructed overhead by pulleys, shaft, and conveyors, that a man could not walk that way without going in a stooping position, and that it was not customarily used by the defendant's employees in going to and from their work.   It was earnestly insisted by the appellant, the defendant herein, that it was entitled to a peremptory instruction on the ground that the way

traveled by the plaintiff was not constructed for a passageway; consequently, the company, the appellant and defendant herein, was under no duty to the plaintiff to make the said way safe for that purpose; but, on the contrary, the plaintiff was guilty of negligence in taking that route, and that the injury was due solely to his own negligence and not to any negligence of the defendant. While the proof seems to preponderate in favor of the defendant, we think, taking the plaintiff's testimony in connection with the fact that the usual passageway was obstructed by water, and by reason thereof he was unable to travel that way, and that the passage he took was the only one by which he knew he could reach his work, and that the flooring had been put along that way so as to make it apparently a passageway for those desiring to use it, and that the proof that others used such passageway, when it suited their convenience to go to and from their work, renders the question one for the jury. Consequently, it was not error to refuse a request for a peremptory instruction.

The defendant also requested the following instruction, which was refused by the court:

"The court instructs the jury for the defendant that, if they believe from the evidence that the place, where the plaintiff claims to have fallen and been injured, was not along a way prepared, kept, and maintained by the defendant for its employees to travel when going to and from their work, and not along a way customarily used by the servants in passing to and from their work in the course of their employment, but was on and adjacent to a way prepared and used for other purposes, the jury should find for the defendant, although they may believe from the evidence that the way in question was occasionally used by the employees for convenience as a means of egress and ingress, and that the same was not a reasonably safe way."

Upon the record before us, we think it would have been proper to give this instruction and that the error

in refusing it is not cured by the instructions given. The evidence was directly conflicting as to whether or not this way was used for a passageway, and the defendant appellant herein, had a right to have that question submitted to the jury.

The defendant also requested an instruction in the following language:

"The court instructs the jury for the defendant that, under the evidence in this case, the plaintiff, Boggs, was guilty of negligence in failing to observe the care which he should have observed to keep himself from being injured, and the plaintiff therefore cannot recover in this case unless the jury believe from the evidence that the defendant was also negligent in failing to provide the plaintiff with a reasonably safe way to travel in going to and from his work, and unless the jury also believe from the evidence that the negligence of the defendant contributed to and helped to bring about an injury to the plaintiff; and the court further instructs the jury for the defendant that, if they find for the plaintiff, they have no right to allow him full damages, and the plaintiff is not entitled to have a full recovery of any and all the damages sustained by him, but it is the duty of the jury, if they find for the plaintiff, to diminish his damages and to reduce the amount allowed to the plaintiff in proportion to the amount of negligence attributable to the plaintiff."

And the refusal of this instruction is assigned as error.

We do not think it was reversible error to refuse this instruction, because it peremptorily instructed the jury to find the plaintiff guilty of negligence. If we accept the plaintiff's evidence as being true and give it full credence, we think he was not negligent *per se* in going this way, and that the instruction ought to be qualified by submitting to the jury the question of whether or not, as a matter of fact, it is negligence, leaving the jury to determine that fact.

Inasmuch as the case must be reversed for a new trial, we think it proper to call attention to the fact that the first instruction given for the plaintiff, under the particular circumstances of the case, should be modified. The situation existing at the time of the injury appears to be unusual, and the defendant had, in fact, prepared a safe passageway for use under ordinary circumstances. Whether the existing circumstances could have been anticipated reasonably by the defendant was a question of fact. The rainfall appears to have been unusual, if not unprecedented, and might come within the meaning of the doctrine of the act of God. The instruction is subject to criticism in that it omits the hypothesis dealing with the proper situation at the time.

The judgment will be reversed therefore, and the cause remanded for a new trial in accordance with this opinion.

*Reversed and remanded.*