LONG-BELL LUMBER SALES CORPORATION *et al. v.* PERRITT *et al.*

(Division B.  March 1, 1937.  Suggestion of Error Overruled April 12, 1937.)

[172 So. 747.  No. 32631.]

196

Gilbert & Cameron, of Meridian, and J. L. Adams, of Quitman, for appellant.

**M. V. B. Miller,** of Meridian, and **H.. F. Case,** of Quitman, for appellees.

Argued orally by **V. W. Gilbert**, for appellant, and by **M. V. B. Miller** and **H. F. Case**, for appellee.

**Anderson, J.,** delivered the opinion for the court.

Appellees, Mrs. Ethel Hollingsworth Perritt and her two minor children, brought this action in the circuit court of Clarke county against appellant, Long-Bell Lumber Sales Corporation, and its foreman, Lebbeus Smith, to recover damages for the death of Hinds Perritt, the husband and father of appellees, caused by the alleged negligence of the lumber company. The trial resulted in a judgment in favor of the wife and children in the sum of $15,000, from which judgment the lumber company prosecutes this appeal.

The questions in the case are: (1) Whether the lumber company was entitled to a directed verdict; (2) whether the court erred in admitting certain evidence; (3) whether the court erred in giving one of the instructions for the plaintiffs; and (4) whether the verdict is excessive.

The lumber company was engaged in the manufacture and sale of lumber. It had a plant at Quitman and one at Crandall in Clarke county, and a logging railroad connecting the two plants. It owned the standing timber which was being cut and manufactured into lumber. Hinds Perritt, the deceased, and Kim Perritt were members of its timber cutting crew, and worked together; the crew worked in pairs. The Perritts felled a white oak tree, and its fall broke one or more limbs on a nearby gum tree. After sawing the white oak into the required lengths they felled a black oak tree standing near both of the others. It fell away from the gum tree and appears to have loosened a limb of the gum tree which had lodged against it, perhaps one end against it and the other against the gum tree. The limb was about sixteen feet long and about five inches in diameter at the base. As the black oak tree "pitched to fall" the Perritts ran in different directions for safety. The limb from the gum tree fell on Hinds Perritt and killed him.

The evidence for the plaintiffs showed that in felling hardwood trees it was necessary to saw them entirely through at the stump, otherwise they would sometimes burst and splinter for some distance up, thereby destroying their value to some extent; and to avoid this the company required the sawyers to continue to saw a little while after the tree "pitched to fall." That in order to guard against such a result the lumber company penalized the sawyers causing it by a layoff of three days. In other words, that the lumber company had a rule, with a penalty for its violation, requiring the sawyers to continue to saw until the tree was practically cut loose from the stump before they ran for safety, and that the enforcement of the rule largely increased the dangers to the sawyers from the falling trees and falling limbs dislodged from other trees.

The plaintiffs' case is that the rule was not a reasonable one, and its enforcement materially increased the hazards of the work, and that Hinds Perritt's death was proximately caused by its enforcement.

The evidence for the lumber company was to the effect that it had no such rule; that the sawyers alone had to look out for their own safety. It contends that it was entitled to a directed verdict because injuries from falling trees and falling limbs in the progress of the work were hazards incident to and a part of the work which the timber cutters assumed. The lumber company's foreman, Smith, denied that the company had any such rule. He admitted that such a rule would be unnecessary and unreasonable, and its enforcement dangerous to the timber cutters.

We are of the opinion that a case was made for the jury whether or not there was such a rule, and if so, whether or not it was a reasonable one, and if not, whether its enforcement was the proximate cause of Hinds Perritt's death.

Over the objection of the lumber company the court admitted evidence for the plaintiffs to the effect that the lumber company carried sick and accident insurance on its servants and made deductions from their wages to pay the premiums. This evidence was competent on the issue of whether or not Hinds Perritt was a servant or an independent contractor. The declaration charged that he was a servant. The plea of the general issue made that a question for the jury. It devolved on the plaintiffs to prove that he was a servant. Nowhere in the record did the lumber company concede that he was a servant and not an independent contractor. Finkbine Lumber Co. v. Cunningham, 101 Miss. 292, 57 So. 916; Gulf, M. & N. R. R. Co. v. Graham, 153 Miss. 72, 117 So. 881; Pan-American Petroleum Corp. v. Pate, 157 Miss. 822, 126 So. 480, 128 So. 870.

The instruction complained of is as follows: "The Court instructs the jury for the plaintiffs that if you believe from the preponderance of the evidence that the deceased, Hinds Perritt, was a servant and employee of the Long-Bell Lumber Sales Corporation and the defendant, W. Lebbeus Smith, was its foreman and was authorized to direct and control the services of the said deceased and the deceased's employment was that of a woods sawyer and that the defendants required him in performing his duty of felling trees to stay with and continue to saw the standing tree for a time after the tree had pitched to fall and while it was falling so that it should be sawn almost or practically entirely through in falling and that the rule, if any, required the deceased to continue to saw a tree whilst the same was falling and to further saw the same almost entirely through and that such rule, if any, was unreasonable and dangerous and was not reasonably necessary in the practical operation of said business and that it unreasonably and unnecessarily and negligently jeopardized the lives of the workmen, including the deceased, and that this was known to the defendants or could have been known by reasonable care and that such rule, regulation, and practice, if any such there was, was the proximate cause of the injury and death of the deceased; then it will be your duty to find for the plaintiffs in this case, unless you believe the dangers, if any, in obeying such rule, regulations, and orders, if any, were so imminent that no person of ordinary prudence would have obeyed and followed such, if such there were."

One criticism of the instruction is that "it did not confine the law to the particular tree then being cut." The jury could not have been misled by the instruction in that respect. Another criticism is that the instruction "entirely eliminated what may have been done by the deceased at the time the tree fell." We think that

criticism without merit. The evidence tended to show that the Perritts obeyed the rule of the company in felling the black oak tree, and that so doing was the proximate cause of Hinds Perritt's death. This instruction, taken in connection with all the others, could not have misled the jury.

Is the verdict excessive? It is argued that it is because the evidence for the plaintiffs tended to show contributory negligence on the part of the Perritts. Conceding that there was contributory negligence, we cannot say with any degree of certainty and confidence that the verdict is excessive.

Affirmed.