RICHARD CARLEY HUNT, as Sole Successor Trustee under the Last Will and Testament of CATHARINE C. HUNT, Deceased, Plaintiff, *v.* ROSA JACOBSON and Others, Defendants.

Supreme Court, Special Term, New York County, February 10, 1942.

*Chadbourne, Hunt, Jaeckel & Brown* [*Robert I. Stevenson* of counsel], for the plaintiff.

No appearance for the defendants.

EDER, J. *Ex parte* application. Judgment of foreclosure and sale is sought in an action brought to foreclose a mortgage on real property. It appears that none of the defendants is in the military service of the United States except the defendant Harold P. Janpole, who was personally served in this action but has entered no appearance herein; that at the time said service was effected he was in the military service of the United States, at Camp Dix, in New Jersey.

This court is requested to incorporate in the judgment, in the exercise of discretion, a finding that in its opinion the ability of said defendant Janpole to comply with the terms of the mortgage under foreclosure herein is not materially affected by reason of the fact that he is or may be in such military service as defined in the act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940. (U. S. Code, tit. 50, Appendix, § 501 *et seq.;* Act of October 17, 1940, 54 U. S. Stat. at Large, 1178, chap. 888.)

Subdivision (1) of section 520, " General Relief," so far as here material, provides: " In any action or proceeding commenced in any court, if there shall be a default of any appearance by the

defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service."

It is further provided therein that if an affidavit is not filed showing that the defendant is not in the military service, " no judgment shall be entered without first securing an order of court directing such entry, and no order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment." And said section further provides: " And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act."

No application for a stay under the provisions of the act has been made by the said defendant; the court is advised that said defendant Janpole is a member of the bar of this State; it may, therefore, be presumed he is cognizant of his rights under said act.

Section 523, entitled " Stay or vacation of execution of judgments, attachments, etc.," provides: " In any action or proceeding commenced in any court against a person in military service, before or during the period of such service, or within sixty days thereafter, the court may, in its discretion, on its own motion, or on application to it by such person or some person on his behalf shall, unless in the opinion of the court the ability of the defendant to comply with the judgment or order entered or sought is not materially affected by reason of his military service — (a) Stay the execution of any judgment or order entered against such person, as provided in this Act: and (b) Vacate or stay any attachment or garnishment of property, money, or debts in the hands of another, whether before or after judgment as provided in this Act."

Section 524, dealing with " Duration and term of stays," provides: " Any stay of any action, proceeding, attachment, or execution, ordered by any court under the provisions of this Act may, except as otherwise provided, be ordered for the period of military service and three months thereafter or any part of such period, and subject to such terms as may be just, whether as to payment in installments of such amounts and at such times as the court may fix or otherwise. Where the person in military service is a codefendant with others the plaintiff may nevertheless by leave of court proceed against the others."

Subdivision (2) of section 532, entitled " Mortgages, trust deeds, etc.," provides: " In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of

any other breach of the terms thereof occurring prior to or during the period of such service the court may, after hearing, in its discretion, on its own motion, and shall, except as provided in section 303 [U. S. Code, tit. 50, Appendix, § 533], on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service — (a) stay the proceedings as provided in this Act; or (b) make such other disposition of the case as may be equitable to conserve the interests of all parties."

Statutes enacted for the benefit of persons engaged in military service are a recognized institution in this country, and, being remedial, are to be construed liberally (*Greening* v. *Sheffield*, [Ala.] Minor, 276), possessing as they do, attributes of privilege and exemption (*Land Title & Trust Co.* v. *Rambo*, 174 Penn. St. 566: 34 A. 207), and it has been held that even in the absence of such a statute public policy demands the recognition of such exemption. (*Land Title & Trust Co.* v. *Rambo, supra.*)

While such exemption, as respects civil actions, is by the act under consideration made applicable to persons in the military service of the United States, such protection has also been enacted for persons engaged in the military service of a State. (Cases *supra; Andrews* v. *Gardiner,* 185 App. Div. 477; *People ex rel. Gaston* v. *Campbell,* 40 N. Y. 133.)

Section 510 of the act, entitled " Purpose of Act; suspension of enforcement of civil liabilities," declares: " In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which *may prejudice* the civil rights of persons in such service during the period herein specified over which this Act remains in force." (Italics mine.)

The purpose of such enactments is to relieve a person so engaged in military service from the mental distress occasioned by the handicap of his being in the military service, resulting in his inability to function with the freedom of action which he possessed prior to his induction into the military establishment, causing inability to meet financial and other obligations and commitments, the mental distress resulting from inability to adequately protect

legal rights and interests or to make proper defense to suit brought against him, it being recognized that such distress has the tendency to impair his efficiency as a member of the militia, and, as well, the tendency to impair the efficiency of the organization with which he may be associated — the design was " to prevent interference with military duties." (*Andrews* v. *Gardiner, supra*.)

To meet this situation, and to overcome this condition, if possible, such statutes are enacted whereby he is given a degree of mental repose through the intervention of the court for his protection to the end that his rights and remedies shall not be imperiled or jeopardized in consequence of such military service. This does not mean to imply that the statute is to be made applicable to every situation, without limitation, merely because such person is in the military service; it is not to be employed as a vehicle of oppression or abuse; its invocation is not to be permitted for any needless or unwarranted purpose; it is to be administered as an instrument to accomplish substantial justice. This is plainly indicated by the very language of section 532, " unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not *materially* affected by reason of his military service," and empowering the court to make such disposition of the case " as may be equitable to conserve the interests of *all* parties." (Italics mine.) In other words, as illustrated by *Andrews* v. *Gardiner* (*supra*), which involved an exemption provision of the Military Law of this State, " The statute should be construed to accomplish the purpose for which it was enacted * * *."

The criterion, then, is the combination of two factors, *i. e.*, (1) whether the defendant's inability to comply results by reason of such military service, and (2) that such military service has *materially* affected the ability to comply.

This determination can only be properly arrived at by an examination of the facts.

In the instant case it appears that the said defendant is only a nominal party to the action, having merely a one-sixth interest in a mortgage, which, if still unpaid, is nevertheless subordinate to the mortgage being foreclosed herein; it is set forth that no personal judgment is sought or will be sought against the said defendant; it also appears that the mortgage under foreclosure herein is dated May 14, 1906, and was duly recorded on May 15, 1906; that said defendant has no equity of redemption or other claim or interest arising out of this mortgage.

In this state of the record I am of the opinion that the plaintiff is entitled to the finding sought and it is so adjudged. Judgment of foreclosure and sale signed.