REYNOLDS *v.* HAULCROFT.

4-7060                                          170 S. W. 2d 678

Opinion delivered May 3, 1943.

*E. H. Tharp,* for appellant.

*S. L. Richardson,* for appellee.

HOLT, J.   Proceeding under the provisions of Act 119 of the acts of the legislature of 1935, the State of

Arkansas brought appropriate proceedings in the Eastern District of the Lawrence chancery court to confirm its title to a large number of tracts of land, alleged to have been forfeited for the nonpayment of taxes. Lots 8 and 9, block 16, town of Hoxie, Lawrence county, were involved in the state action.

Appellants, Alma G. Dodson and James W. Reynolds, a minor, by his mother as next friend, intervened and alleged, among other things, that "they are the owners of lots 8 and 9, block 16, original town of Hoxie, Arkansas . . . ; that said lots constituted the homestead of James W. Reynolds in his lifetime, and the interveners herein claimed title and possession thereto by reason of being the widow and the sole heir at law of James W. Reynolds, deceased."

It was further alleged that James W. Reynolds was, at the time of the institution by the state of its suit, *supra*, a member of, and in the service of, the United States Navy, and had been in such service for some time prior thereto, and asked for all the relief to which he might be entitled under the provisions of the act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA Appendix, § 501 *et seq*. Act of October 17, 1940, c. 888, 54 Stat. 1178.

In addition to their intervention, appellants filed exceptions to an alleged sale of the lots in question for improvement district assessments, and J. W. Reynolds renewed his prayer for relief under the Soldiers' and Sailors' Civil Relief Act, *supra*. Appellee, Florence Haulcroft, was made a party defendant, and among the pleadings which she filed was a demurrer to the exceptions which appellants filed. The court sustained appellee's demurrer, appellants refused to plead further, and, from the decree entered in favor of appellee, Florence Haulcroft, comes this appeal.

It is undisputed in this case that appellant, James W. Reynolds was a sailor in the service of the navy of the United States at the time this action was instituted in the lower court, and was not present during any of the

proceedings leading up to the decree and was not present when the decree was entered.

The record discloses that appellant objected to and sought to stay all proceedings in the lower court during his absence in his country's service, in accordance with the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, *supra*. Such was the effect of appellant's pleadings.

After a careful review of the record before us, we think the trial court abused its discretion in denying to appellant, James W. Reynolds, the stay prayed. The Congress of the United States declared the purpose of the Soldiers' and Sailors' Civil Relief Act to be (50 USCA, Appendix § 510): "In order to provide for, strengthen and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which *may prejudice* the civil rights of persons in such service during the period herein specified over which this act remains in force."

Commenting upon this section, the New York Supreme Court in *Hunt v. Jacobson et al.*, 178 Miss. 201; 33 N. Y. S. 2d 661, February 10, 1942, said: "The purpose of such enactments is to relieve a person so engaged in military service from the mental distress occasioned by the handicap of his being in the military service, resulting in his inability to function with the freedom of action which he possessed prior to his induction into the military establishment, causing inability to meet financial and other obligations and commitments, the mental distress resulting from inability to adequately protect legal rights and interests or to make proper defense to suit brought

against him, it being recognized that such distress has the tendency to impair his efficiency as a member of the militia, and, as well, the tendency to impair the efficiency of the organization with which he may be associated; the design was 'to prevent interference with military duties.' *Andrews* v. *Gardiner, supra* (185 App. Div. 477, 173 N. Y. S. 1)."

Section 521 deals with conditions under which a stay of proceedings will be allowed, and provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service. Oct. 17, 1940, c. 888, § 201, 54 Stat. 1181."

In the instant case, appellant, Reynolds, has asked for a stay, and in so doing, in our opinion, has taken away from the trial court any discretion that it might have had, on its own motion, and in the absence of request for a stay by the sailor, and has made the allowance of a stay mandatory "unless in the opinion of the court the ability . . . of the defendant to conduct his defense is not materially affected by reason of his military service."

It is also our opinion, and we so hold, that under the language of § 521, *supra,* the burden is on the party resisting a stay of proceedings of satisfying the trial court, by clear and convincing evidence, that the rights of the soldier or sailor would not be impaired, while in such military service, by denying the stay of proceedings. No such showing has been made by appellee in the instant case. A most liberal construction must always be given to the provisions of this act to the end that all rights and interests of anyone serving in the armed forces may be fully protected and safeguarded.

The decree is reversed and the cause remanded with directions to set aside the decree and stay all proceedings for the period of appellant's military service and three months thereafter, or any portion thereof, as the court may determine, in accordance with the provisions of § 524 of said act.

Knox, J., not participating.

Griffin Smith, C. J., concurring. I agree with my Brethren of the Bench that the Soldiers' and Sailors' Civil Relief Act should be liberally construed. In the instant case the minor, who became a sailor and was such when the cause was tried, appeared by his mother and asked affirmative relief. The Chancellor no doubt thought the record contained all information necessary to a determination of the issues, and that nothing the intervener could testify to was material. Whether there was, or was not, an abuse of discretion depends upon one's viewpoint.

Certainly no imputation of arbitrary conduct should attach to the trial court because *we* determine, in a borderline case, that the spirit of the Act would be better served by a reversal of the decree. The federal legislation is somewhat contradictory. Its purpose is first said to be "to suspend enforcement of civil liabilities." No liability is sought to be asserted against James W. Reynolds. Section 521 of the Act, however, contemplates that a stay may be directed on behalf of either the plaintiff or defendant if such litigant be a solider, sailor, etc.

My disagreement here is not with the result of the decision this court has rendered, but with language in the opinion where it is said: ". . . Reynolds has asked for a stay, and in so doing, in our opinion, has taken away from the trial court any discretion that it might have had, on its own motion, in the absence of request for a stay by the sailor, and has made the allowance of a stay mandatory 'unless in the opinion of the court the ability . . . of the defendant to conduct his defense is not materially affected by reason of his military service'."

It seems to me we have now said trial courts are without discretion, and that any exercise of judgment

within what would ordinarily be termed the ambit of discretion must inevitably meet a reversal. Nor do I agree that the "clear and convincing evidence rule" applicable to chancery decrees setting aside written instruments (and kindred transactions) has any place in the decision. While the case at bar happens to come from chancery, the next may be from circuit court.

I would not lay down a hard and fast rule exceeding the Act of Congress. The consequence will be that no trial court can exercise a discretion—this because, in effect, the majority says discretion reposes *here*, not *there*. On the other hand, I would resolve every reasonable doubt in favor of the soldier, sailor, or marine, to the end that no substantial right be impinged and that no opportunity to assert a right be denied because of the circumstance of absence.