## ROARK v. ROARK.

### No. 13793.

Court of Civil Appeals of Texas. Dallas.

April 11, 1947.

Ogden, Moseley & Foshee, of Dallas, (Clinton Foshee, of Dallas, of counsel), for appellant.

B. M. Bates, of Dallas, for appellee.

BOND, Chief Justice.

This is a divorce suit. On trial before the court without a jury, judgment was entered in favor of the plaintiff Eva Maye Roark against defendant Wood Arthur Roark, for divorce; care, custody and control of their minor child, Wood Arthur Roark, Jr., with allowance of $12.50 per week, payable by the defendant for maintenance and support of said child until he shall have attained sixteen years of age; possession, use and occupancy by plaintiff of their homestead, the separate property of the defendant, subject to a charge of $1,945 in favor of the community interest of the two parties, and certain community household furniture, until their said child shall have attained the age of twenty-one years. The court also appointed a receiver to take charge of and sell a parcel of land and eight $25 and one $50 U. S. War Savings Bonds, found by the court to be community property, and to use the proceeds of such sales in accordance with orders subsequently to be made by the court, and decreed to plaintiff's attorney $400 for his fees, chargeable against defendant's portion of the community property.

The plaintiff in her petition, aside from stating grounds for divorce, alleged "that

the home of said defendant is in Dallas County, Texas, although presently he is in the service of the U. S. Army." In due order of pleadings, attorneys for the defendant presented to the court a special plea in abatement, or motion to continue the cause of action and all proceedings incident thereto until such time as the defendant could be released from the military service and be present in person to conduct his defense, alleging, as grounds therefor, that the defendant is a member of the armed forces of the United States and has been for a long period of time prior to the filing of plaintiff's petition, and that at present stationed at Morrison Field, West Palm Beach, Florida, and cannot be present at this time in Dallas County, and that it is necessary and important for the defendant to be present, as he desires to contest plaintiff's cause of action and prepare his defense thereto.

In limine, the trial court on the motion to stay or continue the cause, heard evidence and at the conclusion thereof, without assigning any reason or findings of fact, overruled the motion and rendered the aforesaid judgment. To all of which the defendant, through his attorneys, in due order excepted and gave notice of appeal. The appeal is directed generally to the final judgment of divorce and the incidental property rights and custody of the child, and in addition thereto raises points of error to the action of the court in overruling the motion to abate the trial and continue the cause until such time that the defendant may be released from Military Service.

█ The evidence is uncontroverted. Plaintiff took the stand and readily admitted, on trial of the motion, that the defendant was in the military service, stationed in Morrison Field at West Palm Beach, Florida, in the United States Air Corps. The only source of information available to the trial court, according to the record before us, bearing on whether the defendant was able to be present in person, is a letter purportedly written by a military commanding officer, addressed to plaintiff's attorney, stating, material here, that defendant "will be granted leave of absence to satisfy civil court demands, if he requests it."

The attorneys for the defendant objected to the introduction of this letter as being hearsay, an ex parte statement of an outside party, not binding on the defendant and not affording the defendant the right to cross-examine the person who wrote the letter. As a predicate for its introduction, the plaintiff submitted evidence, wholly circumstantial, that the letter was written by a commanding officer of the air field where the defendant was stationed, in that, the letter was received in due course of mail by a witness in response to a previously mailed letter by the said witness. The genuineness of the letter, as having been written by the officer, is not the gravamen of the objection. The letter is hearsay, ex parte, affording defendant no right to cross-examine the writer; hence not admissible in evidence. The factual statements in the letter, that leave of absence will be granted to the defendant to satisfy civil court demands, if requested by him, bear directly on the issue raised in the motion to stay or continue the trial of the cause, made in form and manner as required by the Soldiers' and Sailors' Civil Relief Act of 1940, § 201, 50 U.S.C.A.Appendix, § 521, reading: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service. Oct. 17, 1940, c. 888, § 201, 54 Stat. 1181."

█ Under this section of the Act it will be seen that a person in military service is entitled as a matter of right to a stay of proceedings in a cause in which he is a party, upon showing that he is in military service, and during the period of such service, or within sixty days thereafter, all action or proceeding in any court shall be stayed, unless the opposing side or party shall make it appear that defendant's ability

to prosecute or defend is not materially impaired by such military service. There can be no question here that the ability of the defendant to conduct his defense in this cause is materially affected by reason of his military service, and to deprive him of the rights guaranteed him under the Soldiers' and Sailors' Act, in absence of proof that his military service is used as a shield for defense or instrument of oppression, is an abuse of judicial discretion in the court's refusing the stay or continuance of the trial. "Hearsay evidence is no evidence at all. Whether admitted over or without objection, it is incompetent and without probative force, and should be disregarded by the trial court, and will not support a verdict by a jury nor a finding of fact by a court, nor can it be considered by or form the basis of a finding of fact in an appellate court." 17 Tex. Jur., p. 521, sec. 211. Therefore, as to what the commanding officer wrote to the witness is clearly hearsay and inadmissible, even though the testimony of the person making the statement as to the facts related therein would be admissible if given by him in person or by deposition in the form and manner required by law. Butler v. Duffey, Tex.Civ.App., 288 S.W. 598; Western Union Telegraph Co. v. Rauch, Tex.Civ.App., 243 S.W. 526; Verschoyle v. Holifield, 132 Tex. 516, 123 S.W. 2d 878; Lindquist v. Sanford, Tex.Civ.App., 132 S.W.2d 279.

Commenting upon this section of the Act, the New York Supreme Court, in Hunt v. Jacobson et al., 178 Misc. 201, 33 N.Y.S.2d 661, 664, said: "The purpose of such enactments is to relieve a person so engaged in military service from the mental distress occasioned by the handicap of his being in the military service, resulting in his inability to function with the freedom of action which he possessed prior to his induction into the military establishment, causing inability to meet financial and other obligations and commitments, the mental distress resulting from inability to adequately protect legal rights and interests or to make proper defense to suit brought against him, it being recognized that such distress has the tendency to impair his efficiency as a member of the militia, and, as well, the tendency to impair the efficiency of the organization with which he may be associated:—the design was 'to prevent interference with military duties.' Andrews v. Gardiner, supra [185 App.Div. 477, 173 N.Y.S. 1, 2]." This thought is expressed in a letter offered in evidence by the attorneys for defendant, without objection; however, hearsay, but of no less weight than the aforesaid letter offered by plaintiff over defendant's objection. The letter, dated September 11, 1946, purportedly written by a Lieutenant Colonel, Air Corps, to which defendant is attached, reads: "You are advised that because of the current shortage of personnel and the heavy international commitments of the Air Transport Command, no leave can be granted this officer within the foreseeable future. The services of every individual member of the Air Transport Command are necessary to support the operations to which this command has been committed. The services of no individual can be dispensed with even for a short period of time under any circumstances. We regret that the time of this officer cannot be made available to you, and suggest that the pending action be delayed for a period of at least six months, at the expiration of which it is our hope that the personnel situation of this command will be alleviated to the extent that normal leave policy can be resumed."

We think that the trial court should have sustained the motion to stay the proceeding and continue the trial of the cause, until such time as the defendant is relieved from military service, safeguarding, if need be, the interest of the minor child for necessary maintenance and support allowances during the pendency of the suit. The judgment of the court is reversed and cause remanded.