LUKE CONSTRUCTION COMPANY, INC. *v.* JERNIGAN

No. 43367 February 22, 1965 172 So. 2d 392

*Welch, Gibbes & Graves*, Laurel, for appellant.

*Maxey & Clark,* Laurel; *John D. Kervin,* Collins, for appellee.

PATTERSON, J.

This is an appeal by Luke Construction Co., Inc., only, from a judgment against it, J. W. Hortman and Sam B. Jones, defendants, in the sum of $14,170.00 as the result of an automobile collision on May 4, 1963, wherein the plaintiff was injured.

Miss Jernigan, the plaintiff below, was the driver of one automobile involved in the accident, and J. W. Hortman was the driver of the other. That Hortman's negligence was the cause of the accident is not questioned. His relationship, if any, to Luke Construction Co., Inc., hereinafter referred to as Luke, is the critical issue for determination and is dependent upon the relationship between Jones and Luke.

The plaintiff alleges this relationship to be one of agency. The declaration reads: ''On or about May 4, 1963, the Defendant Corporation caused to be operated

an automobile owned by its Mississippi Superintendent, Sam B. Jones, for the purpose of transporting employees of said corporation to and from work and for the purpose of carrying on an Oil Field Service Business had in its employ the Defendant Hortman, who at all times herein complained of was the agent and servant of the Defendant Corporation, acting within the scope of his authority and in the furtherance of his master's business.'' It is evident the plaintiff's theory of the case was that of master and servant, that Luke was the master with the power of directing the activities of Hortman, its employee and agent, and that it did so through Jones, its superintendent-employee.

In his answer Luke denied the above-quoted paragraph of the declaration in its entirety and by way of further defense averred the relationship between it and Jones to be that of an independent contractor; that Jones was not the servant or agent of Luke, and that Hortman was the employee of Jones, the independent contractor. It denied any agency relationship between it and Jones and between it and Hortman and denied that on the occasion of the accident the work or the transportation of Hortman was in the scope of any employment with Luke, but averred that it was exclusively in furtherance of the business of Jones.

The defendants, Hortman and Jones, admitted the above-quoted paragraph of the declaration as to master and servant and agency. They admitted the negligence of Hortman, but denied that the plaintiff was injured and denied any indebtedness to the plaintiff.

The plaintiff's proof, which included the introduction of certificates of liability insurance to show by a course of conduct the relationship of master and servant as between Luke and Jones, conformed to the allegations of the declaration. At the conclusion of plaintiff's testimony Luke moved the court for a peremptory instruction as did Jones. The court responded to these motions

in these words, ''On the motion for directed verdict as to Luke Construction Company and as to Sam B. Jones, taking into consideration all the evidence as being true, that was offered on behalf of plaintiff, and all reasonable inferences, the Court is of the opinion that there has been established a joint venture between Sam B. Jones and Luke Construction Company, and that the — if there is liability, it is established as to them jointly. The motion is denied.''

The plaintiff did not amend, or offer to amend, his pleadings to coincide to the theory of the case as stated by the court. The defendants, Jones and Hortman, though they testified as adverse witnesses on call of the plaintiff, rested their case at this juncture without further offer of proof. Luke's proof was in accord with the denials and averments of his answer to the effect that Jones was an independent contractor.

At the conclusion of the testimony plaintiff obtained instructions favoring the theory that the parties were joint adventurers as had been expressed by the court. Each instruction requested by the defendant, Luke, on the independent contractor theory was refused. Jones and Hortman requested no instructions, neither did they, or either of them, move for a new trial following the adverse judgment as did Luke.

Luke assigns as error:

(1) The appellant was entitled to have its motion for a mistrial sustained when plaintiff voluntarily injected the prejudicial liability insurance into the trial.

(2) The jury was improperly instructed for appellee, and appellant's theory of the case through instructions was entirely excluded.

We are of the opinion that the first assignment of error is not well taken since the certificates of insurance are indicative of a course of conduct which was competent evidence on the issue of whether or not Jones

was the agent of Luke or was an independent contractor. *Long-Bell v. Perritt,* 178 Miss. 194, 172 So. 747 (1937); *Pan-Am v. Pate,* 157 Miss. 822, 126 So. 480 (1930); and *Finkbine v. Cunningham,* 101 Miss. 292, 57 So. 916 (1911).

 The second assignment of error that the instructions setting forth the appellant's theory of defense were entirely excluded is well taken and in our opinion requires a reversal of the case. Each instruction, other than one as to the form of the verdict, requested by Luke which would have permitted the jury to find, if warranted by the evidence, separately for Luke and against Jones and Hortman consistent with the theory of independent contractor, (which was put in issue by a responsive answer denying the alleged relationship of master and servant advanced by the declaration), was refused by the court. Since there was competent evidence offered by Luke in support of his theory that Jones was in fact an independent contractor, this evidence should have been submitted, under proper instructions, for consideration by the jury. In *Murphy v. Burney,* 27 So. 2d 773 (Miss. 1946) we stated: ". . . a party has the right to embody his theory of the case in his instruction if there is testimony to support it and if made conditional upon the jury's finding that such facts existed." In *Crow v. Burgin,* 38 So. 625 (Miss. 1905) we find the following headnote which accurately portrays the court's holding as to this point, "1. Where a defendant has two distinct defenses, each of which is supported by evidence sufficient, if believed by the jury, to entitle him to a verdict, he is entitled to have each fairly presented and submitted under proper instructions to the jury." See also *Newman v. Boggs,* 146 Miss. 440, 111 So. 562 (1927); *Lamar v. State,* 64 Miss. 428, 1 So. 354 (1887).

 Inasmuch as the case must be reversed for a new trial, we think it proper to call attention to the second instruction given for the plaintiff, "The Court

instructs the jury for the plaintiff that under the law a joint adventure is an enterprise undertaken by more than one person to carry out a single business enterprise for profit,'' which needs modification in that it is not complete in its definition of a joint adventure and it is abstract in that it does not relate to the evidence.

The cause is reversed and remanded for a new trial under appropriate, amended pleadings, if desired by the plaintiff, but if amendment is not desired, then for a new trial under the theory expressed in the present amended declaration of September 27, 1963.

Reversed and remanded.

*Lee, C. J., and Ethridge, Rogers, and Jones, JJ.,* concur.