Richard D. POWER, Appellant,

v.

Constance Brenda POWER, Appellee.

No. 01–86–0398–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 26, 1986.

Rehearing Denied Jan. 8, 1987.

Murray L. Lieberman, Houston, for appellant.

Michael C. Boltz, Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from an order increasing child support.

In his first point of error, appellant contends that the trial court abused its discretion when it overruled appellant's plea in abatement based on the Soldier's and Sailor's Relief Act ("the Act"), 50 U.S.C.App. sec. 521 (1981). The Act states that:

At any stage thereof any action or proceeding in any court in which a person in military service is involved, ... as ... defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], *unless, in the opinion of the court, the ability of ... the defendant to conduct his defense is not materially affected by reason of his military service.*

(Emphasis added.)

Appellee filed a motion to increase child support on May 1, 1985. Appellant filed his answer on May 29, 1985. On September 6, 1985, appellant filed a plea in abatement, which stated in pertinent part that:

The Respondent is a major in the armed forces of the United States of America, currently stationed in Germany.

He is stationed in said location through June of 1988.

### III

The Respondent asserts his rights under the Soldiers and Sailors Civil Relief Act, to wit: 50 U.S.C.A. *et seq*, and requests this Court to abate this action pursuant to said act.

The record reflects that appellant's plea was denied on October 4, 1985. Although two continuances were thereafter granted to accommodate appellant, the record contains neither a statement of facts of any hearing held prior to the date of trial, nor an affidavit or other evidence offered in support of the plea. Appellant also renewed his plea immediately prior to trial on March 17, 1986. Neither affidavits nor other competent evidence were introduced in support of appellant's plea at that time. Only the statement of facts from the hearing on the day of trial and the trial is before this Court.

Because there is no statement of facts from any pretrial hearing on appellant's plea in abatement before March 17, 1986, and there are no findings of fact or conclusions of law regarding the denial of appellant's plea, we must affirm the trial court's decision if it can be upheld on any legal theory having support in the record. *Lassiter v. Bliss*, 559 S.W.2d 353, 355 (Tex. 1977).

Appellant relies on *Roark v. Roark*, 201 S.W.2d 862 (Tex.Civ.App.—Dallas 1947, no writ), which held that once a person shows that he is in the military, he is entitled to a stay as a matter of right, unless the opposing side makes it appear that the defendant's ability to defend is not materially impaired by such military service. *Roark* was an immediate post-World War II decision, and we believe the rule it enunciated is too broad. Moreover, even that opinion was limited in the last paragraph, which stated:

We think the trial court should have sustained the motion to stay the proceeding and continue the trial of the cause, until such time as the defendant is relieved from military service, *safeguarding, if need be, the interest of the minor child for necessary maintenance and support allowances during the pendency of the suit. . . .*

201 S.W.2d 864 (emphasis added).

Furthermore, prior to *Roark*, in *Boone v. Lightner*, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943), the Supreme Court emphasized that the Act should not be used to delay the proper and expeditious determination of legal proceedings when the serviceman's rights would not be materially affected thereby. Thus, the trial court is given wide discretion in determining whether a stay should be granted under the circumstances of a particular case and in deciding which party should carry the burden of proof on the issue of prejudice. *Id.* at 570, 63 S.Ct. at 1229. This statement in *Boone* was adopted by the Texas Supreme Court in *Womack v. Berry*, 156 Tex. 44, 49, 291 S.W.2d 677, 682 (1956). Such latitude in fixing the burden of proof based on the facts of the case is especially appropriate where the trial court has the duty to protect the interests of children.

■ Appellant at all times appeared by counsel, yet he presented no admissible evidence in support of his plea. This Court disapproves of the trial court's statement that "Now, so far I have nothing in evidence to prove that the Respondent is in the military service." The fact that appellant was in military service was 1) clearly indicated in appellee's pleadings, 2) stated clearly in appellant's motion, 3) the basis for the two prior continuances, and 4) undisputed by the parties. However, apart from the bare statement that appellant is in the armed forces and is stationed in Germany until 1988, appellant offered no proof to

assist the court in the exercise of its discretion in determining whether a further stay should be granted. We note that during the 10 month pendency of appellee's motion to increase child support, appellant never presented proof that he was unable to obtain leave in order to appear at trial, or that his defense was otherwise adversely affected by reason of his military service.

After the hearing, and even after proof of military service had been introduced at the trial when appellant reurged his plea, the trial court acted within its discretion in its apparent determination that it was appropriate, under the facts of this case, to place the burden of proof on appellant, who had greater access to the evidence supporting his position. The court may well have denied the plea because appellant made no showing that his ability to defend was materially impaired by his military obligations. In light of this record, we find no abuse of discretion. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court abused its discretion when it increased the child support for the parties' two children by $525 per month, from $375 to $900. We disagree.

Appellee presented evidence that her own income had decreased from $19,000, at the time of the prior modification in 1977, to a negative balance of $5400 for the first three months of 1986. She also testified that she had earned only $3,741 in 1985. There was evidence that appellee's rent had increased by $250 per month, and that her utility expenses had increased $350 per month since the date of the prior order. The children's food expenses had increased by $200, and their activity expenses had increased by at least $250 per month. Without specifying the amount, appellee testified that the children's clothing expenses also increased. She also testified to increased medical expenses that were not promptly paid by appellant's medical insurance plan. Additionally, appellee testified that appellant was earning $20,000 per year at the time of the prior modification, and presented evidence that his current net monthly income was $3,200.

■ We find this evidence sufficient to establish material and substantial changes in the circumstance of the parties and their children, warranting an increase in child support payments to $900 per month. Tex. Fam.Code.Ann. sec. 14.08(c)(2) (Vernon Supp.1986). Appellant's second point of error is overruled.

■ Finally, appellant contends that the trial court abused its discretion in awarding appellee $3,500 in attorney's fees. Appellee's counsel testified that his fee of $150 per hour was reasonable. Although counsel testified to "26 hours through today," there was also evidence that, on February 10, 1986, he billed appellee for 16.4 hours at $150 per hour and 16.1 hours of work done by an assistant at the rate of $45 per hour. Trial work and post-trial work on the judgment was not included in that bill. Additionally, the trial court was aware of the lack of cooperation by appellant, the difficulty involved in service, and the additional expenses incurred because appellant was located outside of Texas. There was sufficient evidence to support the award of $3500, and we find no abuse of discretion. *Casterline v. Burden*, 560 S.W.2d 499 (Tex.Civ.App.—Dallas 1977, no writ). Appellant's third point of error is overruled.

The judgment is affirmed.