**P & H TRANSPORTATION, INC.
and Leo Jarvis Moorehead,
Appellants,**

v.

**Ada ROBINSON, Appellee.**

No. 01–95–01536–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1996.

Rehearing Overruled Oct. 3, 1996.

Mark Wham, Houston, for appellants.

Robert D. Clements, Jr., Alvin, for appellee.

Before ANDELL, SCHNEIDER and TAFT, JJ.

## OPINION

ANDELL, Justice.

In this appeal, we are asked to decide if a default judgment rendered in favor of appel-

lee, Ada Robinson, should stand. In four points of error, the appellants, P & H Transportation and Leo Jarvis Moorehead, argue the trial court erred in denying their motion for new trial because (1) service of citation on appellants was defective and (2) appellants satisfied all elements of the *Craddock*[1] test. We affirm in part and reverse in part.

### Background

Appellee, Ada Robinson, was injured April 27, 1994, in a traffic accident involving a truck owned by P & H and driven by L.J. Morehead. The record shows L.J. Morehead was named by these initials only; they do not stand for "Leo Jarvis." The record also shows it is Morehead's son who is named Leo Jarvis. The confusion generated by the similarity in their names is complicated by the fact that both father and son have worked as drivers for P & H. Leo Jarvis, however, did not work at P & H in 1994.

In July 1994, Robinson filed suit against P & H and against "Leo Jarvis Moorehead." Neither party answered and a default judgment was signed August 22, 1995. Appellants timely filed a motion for new trial on September 21, 1995. After a hearing, appellants' motion for new trial was overruled November 3, 1995. Appellants timely perfected their appeal on November 20, 1995.[2]

### Service of Process

#### 1. Standard of Review

 In a direct attack on a judgment, there is no presumption in favor of valid issuance, service, or return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). To uphold a default judgment on direct attack, the record must reflect strict compliance with the rules of civil procedure governing service of citation. *Id.; McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965); *National Sur. Corp. v.*

---

1. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

2. In addition, on November 28, 1995, appellants filed a "motion for reconsideration" of the denial of their motion for new trial. A hearing was held on the "motion for reconsideration" on December 4, 1995, and it was denied on that date.

*Anderson,* 809 S.W.2d 313, 315 (Tex.App.—Houston [1st Dist.] 1991, no writ). If strict compliance is not affirmatively shown, the service of process is invalid and has no effect. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985). When a judgment is directly attacked and strict compliance is required, actual receipt of service is immaterial. *Wilson v. Dunn,* 800 S.W.2d 833, 837 (Tex.1990).

### 2. Service on P & H

■ In point of error one, appellants contend service on P & H was not valid because it violated rule 103, which provides service by certified mail shall, if requested, be made by the clerk of the court. *See* Tex.R.Civ.P. 103. The record shows P & H was served by certified mail sent by Cathy Romack, an authorized private process server. Appellants urge us to interpret the rule to mean service by mail may be made *only* by the clerk. We decline to do so. Rule 103 simply addresses *who* may serve; rule 106 addresses the *method* of service, and provides in pertinent part:

(a) Unless the citation or an order of the court otherwise directs, *citation shall be served by any person authorized by rule 103 by*

. . .

(2) *mailing to the defendant by registered or certified mail,* return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex.R.Civ.P. 106(a)(2) (emphasis added). "Service of citation may be made by mail, either by an officer or authorized person. Service by registered or certified mail and citation by publication may also be made by the clerk of the court where the case is pending." 2 Roy W. McDonald, Texas Civil Practice in District and County Courts § 9.11 (Supp.1991). We hold service by mail may be made not only by the clerk but also by other authorized persons.

Service must be on file at least 10 days before a default judgment may be rendered. A valid return of service, dated February 8, 1995, and return receipt are in the record. Default judgment was rendered August 22, 1995. There is no error on the face of the record. We hold service on P & H was valid. Accordingly, we overrule point of error one.

### 3. Service on Leo Jarvis Morehead

■ In point of error two, appellants argue service of citation on Leo Jarvis Morehead was invalid. The named defendant is Leo Jarvis Moorehead.[3] Although appellants rely on authority concerning misnomers to argue service was invalid, that authority is inapplicable here. Each case in which a court held citation was fatally defective based on the name of the defendant involved a variance in the name from one court document to another, *e.g.,* the petition shows one name and the service shows another. *See Uvalde Country Club,* 690 S.W.2d at 884 (delivery of citation to "Henry Bunting" but petition identified registered agent "Henry Bunting, Jr."); *Hendon v. Pugh,* 46 Tex. 211, 212 (1876) (defendant named "J.W. Hendon" but citation served on "J.N. Hendon"). Here, there is no discrepancy. Leo Jarvis Moorehead is the person named in the petition as the defendant and Leo Jarvis Moorehead is the person named in the return of service as the person who was served. Instead, the parties dispute who was actually served. Both L.J. and Leo Jarvis may have had actual notice of the suit; nonetheless, actual notice does not relieve Robinson of the obligation to serve the parties in strict compliance with the rules. The record must affirmatively show valid service of process. *Uvalde Country Club,* 690 S.W.2d at 885.

The evidence before the trial court at the motion for new trial hearing included the pleadings and responses of the parties, the affidavits and deposition testimony of L.J. and Leo Jarvis, the return of service, and the testimony of process server James Poovey.

3. Neither party has made an issue of the variance in spelling between "Morehead" and "Moorehead" with an extra "o."

Robinson claims we cannot consider the depositions of L.J. or Leo Jarvis concerning service of process because appellants did not submit them until they filed their motion for reconsideration. The record shows, however, that the depositions were attached to the "Defendant's Reply to Plaintiff's Response to Motion for New Trial" filed November 2, 1995, one day before the motion for new trial was overruled. The trial court looks to the record before it when considering a motion for new trial. *See Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). Therefore, the depositions were properly considered by the trial court. The record shows the following uncontroverted facts:

1. The suit names Leo Jarvis Moorehead as the defendant; the return of citation shows Leo Jarvis Moorehead was served on the business premises of P & H.

2. Three persons testified Leo Jarvis did not work for P & H at any time during 1994.

3. The accident occurred in April 1994 and process was served at P & H in August 1994.

4. L.J. was employed at P & H throughout 1994; he was at the scene of the accident in April 1994 and on P & H premises the day process was served.

5. L.J. does not stand for "Leo Jarvis;" L.J.'s birth certificate shows only these initials, not a first and middle name.

6. Leo Jarvis swore he was not served with citation.

7. Plaintiff's counsel acknowledged in a brief, "The record firmly establishes the actual driver of the truck involved in the accident (L.J. Moorehead) was working at P & H on the date of the accident and on the date service was rendered."

8. Poovey, the process server, testified he had served a lot of papers and could not specifically recall whom he served. He testified he served the papers at the P & H terminal after calling the dispatch office and being told Mr. Morehead was on a run for P & H but would soon return.

9. Poovey swore he served the papers in accordance with his usual procedure, *i.e.,* he asked the man he served if he was the person named in the suit and when the man said he was, Poovey served him. He could not testify he served Leo Jarvis, and did not ask for any form of identification from the person he served.

This evidence does not affirmatively show strict compliance with the rules of civil procedure governing citation because it does not clearly establish that Leo Jarvis was served "in person" in accordance with rule 106(a)(1). If someone other than the defendant named in the citation is served with process, the court did not secure jurisdiction over the named defendant. *NRTRX Corp. v. Story,* 582 S.W.2d 225, 226 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). The record does not affirmatively show it was Leo Jarvis who was served with process. We sustain point of error two. Accordingly, we do not reach point of error four.

## Motion for New Trial

In point of error three, appellants contend the evidence establishes P & H satisfied all elements of the *Craddock* test.

### 1. Standard of Review

A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal absent an abuse of discretion. *Director, State Employees Workers' Compensation Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994). A trial court abuses its discretion by not granting a new trial when all elements of the *Craddock* test are met. *Id.* The *Craddock* doctrine provides:

A default judgment should be set aside and a new trial ordered in any case in which (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided (2) the motion for new trial sets up a meritorious defense and (3) is filed at a time when the granting thereof will occa-

sion no delay or otherwise work an injury to the plaintiff.

*Craddock,* 133 S.W.2d at 126. When applying this test, we look to the knowledge and acts of the defendant as found in the record before the court. *Holt Atherton Indus. v. Heine,* 835 S.W.2d 80, 82 (Tex.1992).

### 2. Conscious Indifference

 Determining if a party's failure to answer was intentional or resulted from conscious indifference is a question of fact. *State Farm Life Ins. Co. v. Mosharaf,* 794 S.W.2d 578, 583 (Tex.App.—Houston [1st Dist.] 1990, no writ). Courts apply the standard liberally and each case depends on its own facts. *Id.* at 582. The applicable standard is not whether a party was negligent, but whether there was an absence of bad faith; even a slight excuse will suffice. *Id.* at 583; *J.H. Walker Trucking v. Allen Lund Co.,* 832 S.W.2d 454, 455 (Tex.App.—Houston [1st Dist.] 1992, no writ). Conscious indifference has been defined alternatively as not taking action that would seem indicated to a person of reasonable sensibilities under the same circumstances. *Johnson v. Edmonds,* 712 S.W.2d 651, 652–53 (Tex.App.—Fort Worth 1986, no writ). When a defendant's excuse is his reliance on a third party, he must demonstrate both he and his agent were free of conscious indifference. *Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 391 (Tex.1993).

 In their argument supporting point of error three, appellants contend the actions of P & H demonstrate, at most, accident or mistake in not answering the suit. Glen McClour, P & H's registered agent, testified he was never served with Robinson's original petition in July 1994. A copy of the original citation and return are not part of the record. However, there is a computer printout entitled, "Justice Information and Management Systems—Service Documents" showing service on P & H was returned to the clerk of the court on July 19, 1994. Despite McClour's testimony that he never received the original petition, the record shows he faxed a copy of it to his insurance company in September 1995. He testified he had not obtained a copy from any source other than his files, but could not explain how he came by this original petition.

McClour testified he was served with a copy of the amended petition in February, 1995, and immediately faxed it to his insurance company in Colorado. He was not able to produce a copy of the fax cover sheet, a copy of the petition, or a record of the long distance charges associated with sending this document out of state. He testified he faxed the petition a second time on July 17, 1995, and a third time on September 4, 1995. The only cover sheet in the record for the second and third faxes shows the date line filled in by hand as 7/17/95 with another handwritten notation below this date, "refax 9/4/95." The transmission information generated by the fax machine at the top of this cover sheet shows "SEP 04 '95 08:20AM P & H DALLAS." This cover sheet is also stamped "RECEIVED SEP 5 1995." There is no cover sheet in the record with a machine-printed transmission date of 7/17/95. Rebecca McIntyre, a representative of Guaranty National Insurance, testified the company never received any documents from P & H until September 5, 1995. There was no record in the company log book of any faxed documents being received before that date. She testified she simply had no idea what might have happened to the documents allegedly faxed in February and July.

In *Mosharaf,* this Court distinguished taking no action from taking actions that resulted in accidental loss or misplacement of papers. 794 S.W.2d at 583. There is no evidence other than McClour's uncorroborated testimony to show he sent the papers to his insurance company before September 4, 1995, or that the documents allegedly sent were lost or misfiled by the company. P & H did not discharge its burden of showing its failure to answer was due to accident or mistake. P & H did not meet the first prong of the *Craddock* test. We hold the trial court did not abuse its discretion in denying the motion for new trial. We overrule point of error three.

We affirm the judgment against P & H Transportation.

We reverse the judgment against Leo Jarvis Morehead and remand the cause to the trial court.