Opinion issued November 17, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00608-CV

———————————

Marcus Todd, Appellant

V.

Sport
Leasing & Financial Services Corp., Appellee



 



 

On Appeal from the Third County Court at Law 

Harris County, Texas



Trial Court Case No. 946316

 



 

MEMORANDUM OPINION

          In
this restricted appeal from a default judgment, Marcus Todd contends that he
was not properly served with process, and thus lacked notice of the suit
against him.  We hold that the trial
court erred in entering the default judgment because Sport Leasing &
Financial Services Corporation (“Sport Leasing”) did not strictly comply with the
rules for service of process in the Texas Rules of Civil Procedure.  We reverse the judgment of the trial court
and remand for further proceedings. 

BACKGROUND

          In
August 2006, Marcus Todd leased a 2005 BMW 530i from Nxcess Motorcars.  Nxcess assigned Todd’s lease contract to
Sport Leasing.  In August 2009, Sport
Leasing sued Todd to recover amounts due and owing under the lease
agreement.  

          Sport
Leasing attempted to serve Todd with notice of its suit at Todd’s address
listed on the lease agreement: 4315 South Kirkwood #138, Houston, TX 77072
(“apartment 138”).  After one
unsuccessful attempt, the process server tried six times to serve Todd at his
father’s apartment located in the same building (“apartment 104”).  When the process server could not serve Todd
in person, Sport Leasing moved for substituted service.  The trial court granted Sport Leasing’s
motion.  It approved substituted service
by: (1) delivering a copy of the citation and petition to anyone over sixteen
years of age at apartment 138; or (2) attaching a copy of the citation and
petition to the front door of apartment 138. 
The trial court did not authorize any other method or location for
service.  Nevertheless, when the
process server issued service under the order authorizing substituted service
of process at apartment 138, the process server posted the citation on
apartment 104. 

In addition to posting citation on
apartment 104, Sport Leasing mailed a copy of the petition and citation to
apartment 104, return receipt requested.  Sport Leasing believed Todd lived at apartment 104 because the
process server had indicated that Todd might live there instead of apartment
138.  Sport Leasing certified that Todd’s
last known address was apartment 104.  A
citation returned to Sport Leasing contained the signature of Arthur Todd, not
Marcus Todd. 

          In
March 2010, after receiving no answer to the underlying suit, Sport Leasing
moved for entry of a default judgment against Todd.  The trial court granted the motion, ordering
Todd to pay principal and interest under the lease and Sport Leasing’s attorney’s
fees.  Todd never answered the suit or
otherwise appeared in the trial court proceedings.




 

DISCUSSION

Appellate Jurisdiction

Rule 30 of the Texas Rules of
Appellate Procedure provides that: 

A party who did not
participate—either in person or through counsel—in the hearing that resulted
in the judgment complained of and who did not timely file a postjudgment motion
or request for findings of fact and conclusions of law, or a notice of appeal
within the time permitted by Rule 26.1(a), may file a notice of appeal within
the time permitted by Rule 26.1(c).

 

Tex. R. App. P. 30. Todd
appeals within six months of a default judgment and did not participate in the
default judgment hearing or file any post-judgment motions or requests.  He filed a notice of appeal within six months as required by Rule 26.1(c).  Tex.
R. App. P. 26.1(c).  Accordingly,
we determine whether error appears on the face of the record.  Hubicki
v. Festina, 226 S.W.3d 405, 407 (Tex. 2007) (per curiam) (citing Wachovia Bank of Del. v. Gilliam, 215
S.W.3d 848, 849 (Tex. 2007)).  

Standard of Review

          A no-answer
default judgment cannot withstand a direct attack by a defendant who shows that
he was not served in strict compliance with the Texas Rules of Civil Procedure.
Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex. 1990); Hubicki, 226 S.W.3d at
407.  In contrast to the usual rule that
presumptions will be made in support of a judgment, when examining a default
judgment, we accord no presumption of valid issuance, service, or return of
citation.  Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885
(Tex. 1985) (per curiam). Failure to strictly comply with the Rules of Civil
Procedure renders any attempted service of process invalid and of no effect.  Hubicki,
226 S.W.3d at 408; Wilson, 800 S.W.2d
at 836.

Analysis

Sport Leasing attempted to serve
Todd by certified mail and substituted service. 
In both instances, Sports Leasing failed to strictly comply with the
Texas Rules of Civil Procedure.  First,
Sport Leasing did not serve Todd by certified mail at the correct address and his
signature does not appear on the return receipt.  Second, Sport Leasing did not serve Todd
under the court’s order authorizing substituted service because Sport Leasing
posted its notice at a different apartment number from the number identified in
the order.  We address the governing
rules for each method in turn.

(1) Mailing to apartment 104

Rule 106 of the Texas Rules of Civil Procedure
provides:

Unless the citation or an
order of the court otherwise directs, the citation shall be served by any
person authorized . . . by (1) delivering to the defendant, in person, a true
copy of the citation with the date of delivery endorsed thereon with a copy of
the petition attached thereto, or (2) mailing to the defendant by registered or
certified mail, return receipt requested, a true copy of the citation with a
copy of the petition attached thereto.

 

Tex. R. Civ. P. 106.  If a defendant is served by certified mail under Rule 106(a)(2), then Rule
107 requires that “the return by the officer or authorized person must also contain
the return receipt with the addressee’s signature.”  Tex. R.
Civ. P. 107.   Failure to affirmatively show
strict compliance renders the attempted service of process invalid and of no
effect.  Uvalde Country Club, 690 S.W.2d at 885.  Several Texas courts have
held that process is invalid where the face of the record shows that the addressee
or a person designated to receive service did not sign the green slip.  See id.
(holding service invalid where registered agent named “Henry Bunting, Jr.” but
service delivered to “Henry Bunting”); see
also Sw. Sec. Serv., Inc. v. Gamboa,
172 S.W.3d 90, 93 (Tex. App.—El Paso
2005, no pet.) (concluding that service directed to registered agent named
“Jesus Morales” was invalid when signed for by “Guillermo Montes”); All Commercial Floors, Inc. v. Barton &
Rasor, 97 S.W.3d 723, 727 (Tex. App.—Fort Worth 2003, no pet.) (holding
that return receipt signed by “Mark,” with illegible last name, was invalid, given
Kelly Lynn Arreola was designated to receive service for defendant); Pharmakinetics Labs., Inc. v. Katz, 717
S.W.2d 704, 706 (Tex. App.—San Antonio
2001, no pet.) (holding service of process defective when receipt card was
signed by someone other than registered agent); Bronze & Beautiful, Inc. v. Mahone, 750 S.W.2d 28, 29 (Tex.App.—Texarkana 1988, no writ) (same).  “If someone other than the defendant named in
the citation is served with process, the court [does] not secure jurisdiction
over the named defendant.” P&H
Transp. v. Robinson, 930 S.W.2d 857, 860 (Tex. App.—Houston [1st Dist.]
1996, writ denied).

          The
return receipt shows that Arthur J. Todd was served with a copy of Sport
Leasing’s petition at apartment 104.  The
record does not indicate that Arthur Todd was authorized to accept service on
behalf of Marcus Todd.  Without evidence
in the record supporting that Arthur Todd was authorized to accept service on
Marcus Todd’s behalf, we may not presume that he was.  Because Marcus Todd did not sign the return
receipt and Arthur Todd was not authorized to accept service on his behalf, the
record does not show that Sport Leasing strictly complied with the Rules of
Civil Procedure.  Accordingly, Sport Leasing
did not accomplish service by mail. 

(2) Substituted service under the trial court’s
order

          Rule
106(b) authorizes a court to order substituted service of process upon a proper
showing that the plaintiff has been unable to serve the defendant through any
default method listed in Rule 106(b).  Tex. R. Civ. P. 106(b).  When a court orders substituted service under
Rule 106(b), the order itself provides the only authority for the substituted
service.  Berkefelt v. Jackson, No. 01-07-00526-CV, 2008 WL 4530693, at *1
(Tex. App.—Houston [1st Dist.] Oct. 9, 2008) (mem. op., not designated for
publication).  As a result, “any deviation
from the trial court’s order necessitates a reversal of the default judgment
based on service.” Id. (citing Becker v. Russell, 765 S.W.2d 899, 900
(Tex. App.—Austin 1989, no writ)).

The trial court authorized Sport
Leasing to serve Todd by affixing a copy of the citation to the door of
apartment 138 or by delivering a copy of the petition and citation to any
person over the age of sixteen at apartment 138.  Sport Leasing was required to follow the
trial court’s instructions exactly. 
However, instead of affixing the citation on apartment 138 as specified
in the trial court’s order, Sport Leasing posted the citation on apartment
104.  Accordingly, Sport Leasing did not
comply with the trial court’s order substituting service of process.  Failure to strictly comply with the trial
court’s order is fatal.  Because Sports
Leasing affixed the citation to the wrong apartment, we hold that there is
error on the face of the record and that Sport Leasing did not serve Todd under
Rule 106(b).   




 

CONCLUSION

 We hold that neither service attempt in this
case was valid.  Accordingly, we reverse
the default judgment and remand the case to the trial court for further
proceedings.   

 

 

                                                                   Jane
Bland

                                                                    Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.