**Opinion issued August 6, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00447-CV

———————————

**THEOLA ROBINSON AND BENJI'S SPECIAL
EDUCATION ACADEMY, INC., Appellants**

**V.**

**CHRISTOPHER TRITICO AND
ESSMYER, TRITICO & RAINEY L.L.P., Appellees**

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Case No. 2013-26582**

## MEMORANDUM OPINION

Benji's Special Education Academy and its Chief Executive Officer, Theola

Robinson (collectively, the Academy) brought suit against their former attorney,

Christopher Tritico, his former firm, Essmyer, Tritico & Rainey, L.L.P. (the firm),

and his current firm, Tritico Rainey, P.L.L.C., complaining that Tritico and the firm wrongfully withheld funds after ending its representation.

Tritico and the firm moved for summary judgment, contending that the applicable statutes of limitations barred the Academy's claims because, while the Academy timely filed its lawsuit, it did not serve Tritico and the firm until more than four years later. The trial court granted a take-nothing summary judgment, which the Academy challenges in this appeal. It contends that the trial court erred by failing to (1) apply the proper statutes of limitations to its claims; (2) conclude that the doctrine of misnomer applied to relate their claims against Tritico and the firm back to the original filing date; and (3) issue findings of fact and conclusions of law. We affirm.

## BACKGROUND

After the Texas Education Agency suspended the funding of the Academy, a charter school, the Academy hired Christopher Tritico and the firm to challenge the suspension.[1] On July 14, 2009, Tritico and the firm notified the Academy that it was withdrawing from that representation, and neither Tritico nor the firm represented the Academy or Robinson after that date.

In May 2013, the Academy brought this suit for legal malpractice against Tritico, the firm, and Tritico's current law firm, Tritico Rainey, alleging that they

---

[1] The TEA revoked the Academy's charter and ordered its closure in the fall of 2010.

2

failed to return a portion of the retainer after they terminated their representation. The Academy timely served Tritico Rainey, which moved for summary judgment on the grounds that it was not formed until after the events that gave rise to the Academy's suit and has never represented the Academy. The trial court granted the motion and signed a take-nothing judgment in October 2014. This appeal does not challenge that ruling, and Tritico Rainey is not a party to this appeal.

The Academy did not request issuance of citation or serve Tritico and the firm with suit until January 2018. Tritico and the firm moved for summary judgment, claiming that as a result of the delay in service, the statute of limitations barred the Academy's claims.

The Academy's response to the summary-judgment motion asserts that the petition sent by certified mail to Tritico constituted service on all defendants; Tritico was on notice of the suit because of the service of citation on Tritico Rainey; and that the doctrine of misnomer allowed it to correct the defendant's name and maintain the cause of action after the statute of limitations expired.

On the motion's submission date, the Academy amended its petition to include a claim for violations of the Texas Deceptive Trade Practices Act. Tritico and the firm filed a second motion for summary judgment to challenge the DTPA claim. The trial court granted both motions and signed a final take-nothing judgment.

**DISCUSSION**

## I.     Timeliness of the Appellants' Brief

Tritico and the firm ask for dismissal of the Academy's appeal because of its failure to timely file its brief, ask for an extension of time, or explain the reason for the delay in filing. Under the Texas Rules of Appellate Procedure, an appellant must file its brief within 30 days after the date that the clerk's record was filed, or the date the reporter's record was filed, whichever is later. TEX. R. APP. P. 38.6(a). In this appeal, the clerk's record was filed August 22, 2018, and no reporter's record was filed. The Academy did not file its brief until January 24, 2019.

When an appellant has failed to timely file its brief, the appellate court may dismiss the appeal for want of prosecution unless the appellant provides a reasonable explanation for the delay and the appellee is not injured by the appellant's failure to file a brief timely. TEX. R. APP. P. 38.8(a)(1). Rule 38.8 is, by its own terms, discretionary. *See id.* Although the Academy has not provided an explanation for the delay in filing its brief, Tritico and the firm have not asserted that any injury resulted from that delay and did not request dismissal until both parties had briefed the merits of the appeal. Under these circumstances, the interest of judicial economy weighs in favor of addressing the appeal on the merits.

## II. Summary Judgment Standard of Review

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary-judgment motion, a movant has the burden of proving that he is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment on an affirmative defense, such as a statute-of-limitations bar, he must plead and conclusively establish each essential element of his defense to defeat the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341; *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). In deciding whether a disputed, material fact issue precludes summary judgment, we take evidence favorable to the non-movant as true, and we indulge every reasonable inference and resolve any doubts in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

## III. Statute of Limitations

The longest statute of limitations applicable to the Academy's claims is four years, which governs its causes of action for breach of fiduciary duty and fraud. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4)–(5). The Academy filed its petition approximately a month before the end of the four-year period applicable to those claims. However, a timely-filed suit does not interrupt the running of the statute of

limitations unless the plaintiff exercises due diligence in the issuance and service of the citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). If the plaintiff diligently effected service after the expiration of the statute of limitations, the date of service relates back to the date of filing. *Id.*

To obtain summary judgment on the ground that a plaintiff did not serve its suit within the limitations period, a defendant must show that, as a matter of law, the plaintiff did not exercise due diligence to effect service. *See id.* at 216. When the defendant affirmatively pleads the statute-of-limitations defense and shows that the plaintiff effected service after the expiration of the statute of limitations, the plaintiff bears the burden to "explain the delay" in service. *Id.* The plaintiff must present evidence regarding the efforts that it made to serve the defendant and to explain every lapse in effort or period of delay. *Id.* The plaintiff's explanation of its service efforts may demonstrate a lack of diligence as a matter of law if the plaintiff fails to explain one or more lapses between service efforts or the proffered explanations are patently unreasonable. *Id.* However, if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of the plaintiff's efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the plaintiff provided an insufficient explanation. *Id.* In evaluating the plaintiff's diligence, "the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent

up until the time the defendant was served." *Id.* We examine "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.*

**A. The undisputed summary-judgment evidence shows that the Academy's claims accrued more than four years before it requested citation be issued and served on Tritico and the firm and that the Academy failed to exercise due diligence to effect service as a matter of law.**

The Academy argues that summary judgment is improper because the evidence fails to conclusively establish the date that its causes of action accrued. With their summary-judgment motion, Tritico and the firm included Tritico's affidavit attesting that on July 14, 2009, he notified the Academy that he and the firm would no longer represent the Academy and that in fact, no representation took place after that date. The affidavit was accompanied by the firm's letter to the Academy of the same date, which contains the termination notice. The Academy's Fourth Amended Petition declares that, "[f]rom April 29, 2009 to May 29, 2009, Defendants represented Plaintiffs in the matter retained for." The undisputed evidence thus shows that any representation by Tritico and the firm ended by no later than July 14, 2009.

The Academy did not seek service of citation on Tritico and the firm until January 2018, more than four years after suit was filed and more than nine years after the attorney-client relationship between the parties ended. The Academy's

7

response to Tritico and the firm's summary-judgment motion does not make any excuse for the delay in service. Because the Academy wholly failed to discharge its burden to explain this lengthy delay in service, the trial court correctly concluded that its claims are time-barred as a matter of law. *See Proulx*, 235 S.W.3d at 215.

**B.    The Academy's contention that a two-year statute of limitations does not apply to some of its claims does not affect the propriety of the trial court's ruling.**

The Academy contends that the trial court erred in applying a two-year statute of limitations to its claims for breach of fiduciary duty, fraud, and breach of contract. The record does not support this contention. The summary-judgment issue raised in Tritico and the firm's motion presumes that the four-year statute of limitations applies to the Academy's claims and points out that more than four years elapsed between the claims' accrual date and the date Tritico and the firm were served with citation. In granting summary judgment, the trial court properly considered that the passage of more than four years before service of citation would time-bar all claims with a statute of limitations of four years or less. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4)–(5).

**C.    None of the defensive doctrines raised by the Academy raises a fact issue.**

**1.    The Academy waived any argument concerning application of the continuing-tort doctrine.**

The Academy argues that the trial court erred in granting summary judgment based on limitations because the continuing-tort doctrine applies to extend the statute of limitations on its claims. Because the Academy did not raise this argument in the trial court, it is waived. *See* TEX. R. CIV. P. 166a(c); TEX. R. APP. P. 33.1.

**2.    The doctrines of misnomer and *idem sonans* do not apply.**

Proper issuance of citation upon the filing of a lawsuit is required to confer jurisdiction upon the court and requires strict compliance with Texas Rule of Civil Procedure 106. *See Velasco v. Ayala*, 312 S.W.3d 783, 797 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  If someone other than the defendant named in the citation is served, a court does not acquire jurisdiction over the named defendant. *P & H Transp. v. Robinson*, 930 S.W.2d 857, 860 (Tex. App.—Houston [1st Dist.] 1996, writ denied). For the same reason, a court does not acquire jurisdiction over a named defendant based on service of a citation that names a different defendant; actual notice without proper service is not sufficient. *See Velasco*, 312 S.W.3d at 797; *P&H Transp.*, 930 S.W.2d at 859; *see also Greystar, LLC v. Adams*, 426 S.W.3d 861, 867–68 (Tex. App.—Dallas 2014, no pet.) (finding trial court had no personal

9

jurisdiction over entity because person who accepted service was not authorized to accept service for entity).

The Academy claims that the trial court erred by not applying the misnomer rule, which, it contends, would allow the service of citation on Tritico and the firm to relate back to the date service was effected on Tritico Rainey. A misnomer occurs when a "party misnames itself or another party, but the correct parties are involved." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009). The rule may apply when the defendant was actually served with process and not confused or misled by the misnomer. *Mansell v. Ins. Co. of W.*, 203 S.W.3d 499, 502 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

The misnomer rule does not apply here. The May 2013 service of citation named Tritico Rainey, which was named as one of three defendants in the lawsuit. The petition named Tritico and Essmyer Tritico as the other two defendants but did not ask for issuance of citation for them until more than four years later. The 2013 citation, which correctly named and was served on one defendant, cannot reasonably be read to include the two remaining defendants whom it did not name. The trial court properly refused to apply misnomer to relate the 2018 service of citation on Tritico and the firm back to the 2013 service of citation on Tritico Rainey.

For the first time on appeal, the Academy contends that Tritico and the firm waived any challenge to their capacity to sue and invokes the related doctrine of

*idem sonans*. The issue of capacity, however, does not affect the application of the statute of limitations in this case, which serves as the basis for Tritico and the firm's motion and the trial court's summary-judgment ruling. We therefore decline to consider it. *See* TEX. R. APP. P. 33.1, 44.1.

## IV. The trial court did not err in failing to issue findings of fact and conclusions of law.

Finally, the Academy contends that the trial court erred in failing to issue findings of fact and conclusions of law in response to their request following the summary-judgment ruling. However, a trial court has no duty to file findings of fact or conclusions of law where there has been no trial. *See IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Kaminetzky v. Park Nat'l Bank of Houston*, No. 01–03–01079–CV, 2005 WL 267665, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2005, no pet.) (mem. op.). Findings of fact and conclusion of law thus "have no place in a summary judgment proceeding." *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994).

In a summary-judgment proceeding, judgment must be rendered as a matter of law based on the legal grounds stated in the motion and response. *IKB Indus.*, 938 S.W.2d at 441–42; *see* TEX. R. CIV. P. 166a. Because "there are no facts to find," requests for findings and conclusions following summary judgment "have no purpose, should not be filed, and if filed, should be ignored by the trial court." *KB*

11

*Indus.*, 938 S.W.3d at 442. As a result, the trial court did not err in failing to respond to the Academy's request for findings of fact and conclusions of law.[2]

## CONCLUSION

We affirm the judgment of the trial court.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

---

[2]    To the extent the Academy's brief makes arguments unrelated to the propriety of the summary judgment, they are not properly before the court and we therefore decline to consider them.