**Opinion filed October 16, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00095-CV
_____

### GEORGE Y. LOHMANN, JR.; DOC PROPERTIES, LLC; MIDLAND EUROPEAN WAXING I, LLC; AND MIDLAND DOUBLE DAVE'S PIZZA, LLC, Appellants

### V.

### EWC FRANCHISE, LLC, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CV60338**

## MEMORANDUM OPINION ON MOTION FOR REHEARING

On September 11, 2025, we issued an opinion in this cause, holding that the default judgment against Appellants George Y. Lohmann, Jr.; Midland European Waxing I, LLC (European Waxing); and Midland Double Dave's Pizza, LLC (Double Dave's) was erroneous due to the lack of notice of the default judgment

hearing given to Lohmann and improper substitute service as to European Waxing and Double Dave's. Therefore, we reversed the default judgment against those parties. We affirmed the default judgment against DOC Properties, LLC (DOC Properties) because being properly served, and having made no appearance, it was without any entitlement to notice of the setting of a default judgment hearing. *See Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.) ("[A] plaintiff may take the default judgment without further notice if the defendant has not filed a written answer or otherwise 'appeared' in the action." (quoting *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied))).

Appellants filed a motion for rehearing arguing that when a trial court does not have personal jurisdiction to render judgment as to certain parties, we must reverse the judgment as to all parties.

Rule 240 of the Texas Rules of Civil Procedure provides:

> Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others.

TEX. R. CIV. P. 240. In support of their argument, Appellants cite *Lytle v. Cunningham*, in which the Dallas Court of Appeals stated, "Under [R]ule 240, the only judgment that could have been properly rendered against a co-defendant *bringing a restricted appeal*, absent legal service on a co-defendant, was an interlocutory judgment *unless* there was a dismissal as to such co-defendant." *Lytle v. Cunningham*, 261 S.W.3d 837, 841 (Tex. App.—Dallas 2008, no pet.) (first emphasis added). The court continued, "When there are co-defendants, and the trial court did not have personal jurisdiction over one defendant, the final judgment as to all defendants must be reversed." *Id.*; *see Filegonia Materials, LLC v. Key*

2

*Performance Petroleum Co.*, No. 05-24-00543-CV, 2025 WL 2108824, at *5 (Tex. App.—Dallas July 28, 2025, no pet. h.) (mem. op.) (holding same). Appellee filed a response, to which Appellant filed a reply.

We note that the caselaw cited by Appellants explicitly purports applicability to a restricted appeal. *See* TEX. R. APP. P. 30. This is a direct appeal. Accordingly, we find the authority inapposite. Instead, we look to Rule 44.1(b) of the Texas Rules of Appellate Procedure, which aptly provides that, "If [trial court] error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error." *See* TEX. R. APP. P. 44.1(b). Additionally, "a judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it." *Supak v. Zboril*, 56 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (quoting *Kubena v. Hatch*, 193 S.W.2d 175, 177 (Tex. 1946)); *see Blaylock v. Riser*, 354 S.W.2d 134, 137 (Tex. 1962) ("A judgment may be void as to a severable portion over which the court has no jurisdiction and valid as to the portion remaining over which it does have jurisdiction."); *cf. Hunt v. Ramsey*, 345 S.W.2d 260, 263 (Tex. 1961) ("It was incumbent upon plaintiffs to see that the service was perfected upon all the defendants before proceeding to trial; and if, having tried the case as to some, the others not being properly cited, they fail to get a verdict, they should not be heard to complain that the judgment is not final as to all parties.").

Implicitly recognizing these principles, Texas appellate courts have affirmed in part and reversed in part default judgments regarding multiple defendants, where one or more defendants were not served properly, but others were. *See, e.g.*, *P & H Transp., Inc. v. Robinson*, 930 S.W.2d 857, 862 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *Metcalf v. Taylor*, 708 S.W.2d 57, 60 (Tex. App.—Fort Worth 1986, no writ); *Ward v. Hooper*, No. 05-00-01903-CV, 2002 WL 15881, at *3 (Tex.

App.—Dallas Jan. 8, 2002, no pet.) (not designated for publication). Here, because the erroneous part of the judgment is separable without unfairness to the parties, we need only reverse the part of the judgment affected by the error. *See* TEX. R. APP. P. 44.1(b).

We deny Appellants' motion for rehearing.


                                        W. BRUCE WILLIAMS
                                        JUSTICE


October 16, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.